[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13560
Non-Argument Calendar

_____

Agency Nos. A97-959-370,
A98-858-818

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2009
THOMAS K. KAHN
CLERK

EDNER SMITH,
BERTHA BRUTUS SMITH,
NELLY BERLEY SMITH,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 1, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Edner Smith, his wife, Bertha Brutus Smith, and their daughter, Nelly Berley Smith (collectively, "Petitioners"), through counsel, seek review of the decision from the Board of Immigration Review ("BIA"), affirming the Order of the Immigration Judge ("IJ"), finding them removable and denying their applications for asylum, withholding of removal, and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").

First, the Petitioners argue that the BIA adopted the IJ's reasoning, and thus, we should review the IJ's decision. When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.*

Here, because the BIA relied upon the reasons identified in the IJ's order, we review both decisions. Because the BIA did not expressly adopt the IJ's order, however, we review only the reasons for denial given in the BIA's order. As such, we will not consider the Petitioners' contention that the IJ erred by finding that he did not suffer past persecution and did not have a well-founded fear of future persecution. Rather, we will only review the BIA's adverse credibility finding and its denial of relief under the CAT.

Second, the Petitioners argue that it is more likely than not that they will be

2

tortured upon return to Haiti and that the IJ's adverse credibility finding was not supported by substantial evidence because any inconsistencies between Mr. Smith's testimony, the asylum application, and Mrs. Smith's asylum application were minor, as the husband offered specific, plausible, and detailed testimony.

We review the BIA's and IJ's factual determinations under the substantial evidence test, and we will affirm if those decisions are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007) (citation omitted). Under the substantial evidence test, we can reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Like any finding of fact, a credibility determination may not be overturned unless the record compels it. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (quotation marks and citation omitted).

If credible, an alien's testimony alone may be sufficient to sustain his burden of proof in establishing his eligibility for relief from removal. *Id.* "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id*; *see also Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006) (per curiam) ("An IJ's denial of asylum relief . . . can be supported

3

solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence."). "If the IJ explicitly determines that the alien lacks credibility, the IJ must offer specific, cogent reasons for the finding." *Chen*, 463 F.3d at 1231. "The burden then shifts to the alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Id.*

Pursuant to 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, § 101(a) (2005), the IJ may find an alien incredible based on the "totality of the circumstances" and may deny a claim based on inconsistencies, inaccuracies, and falsehoods contained in the evidence, without regard to whether they go to the "heart" of the claim. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam).

Upon review of the record and the parties' briefs, we discern no reversible error. The record does not compel overturning the IJ's and BIA's credibility determinations because they were supported by the totality of the circumstances, including (1) Mr. Smith's failure to file for asylum until he was detained for having a fraudulent stamp in his passport notwithstanding the fact that he knew of the asylum process before that time; (2) inconsistencies between Mr. Smith's asylum

4

application and his testimony;[1] and (3) the Petitioners failure to provide any documentation corroborating their claims. For example, the Petitioners failed to include documentation regarding Mr. Smith's work in Haiti or Mr. Smith's need for medical attention following the incident in July 2001 when Lavalas party supporters allegedly attacked him, which forms the basis of their application. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) ("The weaker an applicant's testimony . . . the greater the need for corroborative evidence."). Because the Petitioners have failed to meet their burden of showing that the adverse credibility determination was not supported by substantial evidence, that determination is sufficient to sustain the denial of asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**

---

[1] For example, Mr. Smith's asylum application and his testimony contained different dates with regard to when he worked at the Presbyterian and Baptist Missions and when he lived at his Thomassin 25 address.